GARMAN TURNER GORDON LLP
GERALD M. GORDON, ESQ.
Nevada Bar No. 229
E-mail:  ggordon@gtg.legal
WILLIAM M. NOALL, ESQ.
Nevada Bar No. 3549
E-mail:  wnoall@gtg.legal
MARK M. WEISENMILLER, ESQ.
Nevada Bar No. 12128
E-mail:  mweisenmiller@gtg.legal
650 White Drive, Ste. 100
Las Vegas, Nevada 89119
Telephone:  725-777-3000
Facsimile:  725-777-3112
*Attorneys for Petitioning Creditors:*
*Multibank 2009-1 RES-ADC Venture LLC,*
*Pacific Western Bank, and SV Litigation SPE, LLC*

**UNITED STATES BANKRUPTCY COURT**

**FOR THE DISTRICT OF NEVADA**

| | |
|---|---|
| In re:<br><br>JOHN A. RITTER<br><br>Alleged Debtor. | Case No.: BK-S-16-10933-ABL<br>Chapter 7<br><br>Date:  N/A<br>Time:  N/A |

**OBJECTION TO EX PARTE MOTION FOR ORDER SHORTENING TIME FOR HEARING ON DEBTOR'S MOTION OF JOHN A. RITTER REQUESTING THAT THE COURT ASSIGN THIS CASE TO ANOTHER JUDGE PURSUANT TO LOCAL RULE 1015(e) [ECF NO. 29]**

Multibank 2009-1 RES-ADC Venture, LLC ("Multibank"), Pacific Western Bank ("PWB"), and SV Litigation SPE, LLC ("SV Litigation," and collectively with Multibank and PWB, the "Petitioning Creditors") hereby file their objection (the "Objection") to the *Ex Parte Motion for Order Shortening Time for Hearing on Debtor's Motion of John A. Ritter Requesting that the Court Assign this Case to Another Judge Pursuant to Local Rule 1015(e)* [ECF No. 29] (the "Ex Parte Motion") filed by John A. Ritter (the "Alleged Debtor") on March 8, 2016.  The Petitioning Creditors request that the Court deny the Ex Parte Motion for the Alleged Debtor's failure to meet his burden under Bankruptcy Rule[1] 9006 and Local Rule 9006.

---

[1] All references to "Chapter" or "Section" herein shall be to the Bankruptcy Code appearing in Title 11 of the U.S. Code; all references to a "Bankruptcy Rule" shall refer to the Federal Rules of Bankruptcy Procedure; and all

This Objection is made and based upon the Memorandum of Points and Authorities set forth below, the papers, pleadings, and other documents on the Court's docket, judicial notice of which is respectfully requested under Federal Rule of Evidence 201, and any argument the Court entertains on the Ex Parte Motion.

## I.
## PERTINENT FACTS

1.  On February 29, 2016, the Petitioning Creditors filed the *Involuntary Petition* [ECF No. 1] (the "Involuntary Petition") against the Alleged Debtor under Chapter 7 of the Bankruptcy Code (the "Involuntary Proceeding").

2.  On March 7, 2016, the Alleged Debtor filed the *Motion of John A. Ritter Requesting that the Court Assign this Case to Another Judge Pursuant to Local Rule 1015(e)* [ECF No. 24] (the "Recusal Motion").

3.  In the Recusal Motion, the Alleged Debtor suggests that Judge Landis appears to be biased because he, as Assistant, then Acting, United States Trustee (the "UST"), objected to a release provision in a prepackaged plan of an entity related to the Alleged Debtor, before seeking dismissal of another related entity's case on grounds that it was filed in bad faith. As a result, the Alleged Debtor requests that this Court transfer the Involuntary Proceeding to Judge Nakagawa, who oversaw the related cases and overruled the UST's objections. See id.

4.  On March 7, 2016, the Alleged Debtor also filed his *Motion for Order (A) Directing Parties to Mediation and Appointing Mediator; and (B) Staying the Involuntary Bankruptcy Case or Otherwise Extending Time to Respond to Involuntary Petition* [ECF No. 25] (the "Mediation Motion").

5.  On March 8, 2016, the Alleged Debtor filed the Ex Parte Motion with respect to the Recusal Motion.

――――――――――――――――― (continued)
references to "Local Rule" are to the Local Rules of Bankruptcy Practice for the U.S. District Court for the District of Nevada.

Garman Turner Gordon LLP
650 White Drive, Ste. 100
Las Vegas, NV 89119
(725) 777-3000

6. Attached as Exhibit 1 to the Ex Parte Motion is the *Declaration of Samuel A. Schwartz, Esq.* [ECF No. 29-1] (the "Schwartz Declaration"). The Schwartz Declaration provides the following:

> 4. An order shortening time is appropriate here as the Debtor views these issues as watershed events and need to be heard before other pending motions in this case.
>
> 5. Based upon the foregoing, it is respectfully submitted, that good cause exists for granting an order shortening time.

See id., ¶¶ 4, 5.

## II.
## LEGAL ARGUMENT

**A.    Applicable Legal Standard.**

Bankruptcy Rule 9006(c)(1) generally permits a bankruptcy court, for cause shown and in its discretion, to reduce the period during which any notice is given in accordance with the Bankruptcy Rules. In particular, Bankruptcy Rule 9006(c)(1) provides:

> [e]xcept as provided in paragraph (2) of this subdivision, when an act is required or allowed to be done at or within a specified time by these rules or by a notice given thereunder or by order of court, the court *for cause shown may in its discretion* with or without motion or notice order the period reduced.

See FED. R. BANKR. P. 9006(c)(1) (emphasis added). Furthermore, Local Rule 9006(a) provides that "[u]nless the court permits otherwise, every motion for an order shortening time must be accompanied by *an affidavit explaining why an expedited hearing is required* …." See Local Rule 9006(a) (emphasis added).

**B.    Legal Analysis.**

The Court has the discretion to and in this case should deny the Ex Parte Motion for the Alleged Debtor's failure to meets his burden of showing cause why the Recusal Motion should be heard on shortened time and why an expedited hearing is required on the Recusal Motion. The Alleged Debtor's counsel provides that the Recusal Motion should be heard on shortened time because the Alleged Debtor believes the issues raised in the Motion are "watershed events." Moreover, the Alleged Debtor's counsel suggests that entering an order shortening time is

1  appropriate because the Alleged Debtor believes that the Motion needs to be heard before other
2  pending motions in the Involuntary Proceeding.  These conclusory and incorrect statements do
3  not meet the Alleged Debtor's burden under Bankruptcy Rule 9006 or Local Rule 9006 and the
4  Ex Parte Motion should be denied.

5  First, the conclusory statement regarding the Alleged Debtor's subjective belief as to the
6  importance of the issues raised in the Recusal Motion should have little, if any, bearing on
7  whether this Court grants the Ex Parte Motion.  Local Rule 9006(a) requires that the affidavit
8  accompanying a request to shorten time show why an expedited hearing is "required."  The
9  Alleged Debtor's counsel's conclusory statement does not meet the muster.[2]

10 Second, the assertion that the Recusal Motion needs to be heard on shortened time
11 because it must be heard before other pending motions is not supported by the record.  There are
12 no other pending motions filed in the Involuntary Proceeding, except for the Mediation Motion,
13 which the Alleged Debtor is also seeking to have heard on shortened time "before other pending
14 motions."  As such, no cause has been shown as to why an expedited hearing on the Recusal
15 Motion is required.

16 Third, hearing the Recusal Motion on shortened time is prejudicial to the Petitioning
17 Creditors and other parties-in-interest in the Involuntary Proceeding.  The Alleged Debtor raised
18 significant issues in the Recusal Motion and was afforded adequate time to prepare the Recusal
19 Motion before its filing.  While the Recusal Motion is not supported by exhibits or declarations,
20 it relies upon the detailed history of several bankruptcy cases and the contents of documents filed
21 therein, with which the Alleged Debtor is apparently intimately familiar, but the Petitioning
22 Creditors and other parties-in-interest are not.  Thus, the Petitioning Creditors and other parties-
23 in-interest should be permitted adequate time to become familiar with the detailed history and
24 filings referred to in the Recusal Motion before they must put their opposition to paper.
25 Otherwise, unnecessary prejudice will result.

---

[2] The Ex Parte Motion is also procedurally deficient in other ways.  Specifically, the *Attorney Information Sheet* [ECF No. 30] and the Schwartz Declaration failed to include: (i) the estimated time of the hearing; and (ii) the date beyond which relief would no longer be necessary.  See Local Rule 9006(a)(5)-(6).

Fourth, opposing the Recusal Motion may require discovery. However, if the Court enters an order shortening time and calendars an expedited hearing, the Petitioning Creditors will effectively be stripped of their right to adequately oppose the Recusal Motion because they won't have time to complete discovery. See Bankruptcy Rule 9014(c). Thus, granting the Ex Parte Motion and scheduling an expedited hearing will deny the Petitioning Creditors the right to adequately respond to the Recusal Motion.

Therefore, the Court should deny the Ex Parte Motion for the Alleged Debtor's failure to meet his burden under Bankruptcy Rule 9006 and Local Rule 9006 and because entering an order shortening time under these circumstances is prejudicial to the Petitioning Creditors and other parties-in-interest and gives an unfair advantage to the Alleged Debtor.

### III.
### CONCLUSION

Based upon the foregoing, Petitioning Creditors respectfully request that the Court deny the Ex Parte Motion and require that the Recusal Motion be heard on regular time because the Alleged Debtor failed to meet his burden. The Petitioning Creditors also request that the Court enter any other relief that is just and appropriate under the circumstances.

DATED this the 8th day of March, 2016.

GARMAN TURNER GORDON LLP

By: */s/ Mark M. Weisenmiller*
GERALD M. GORDON, ESQ.
WILLIAM M. NOALL, ESQ.
MARK M. WEISENMILLER, ESQ.
650 White Drive, Ste. 100
Las Vegas, Nevada 89119
*Attorneys for Petitioning Creditors*