GARMAN TURNER GORDON LLP
GERALD M. GORDON, ESQ.
Nevada Bar No. 229
E-mail:  ggordon@gtg.legal
WILLIAM M. NOALL, ESQ.
Nevada Bar No. 3549
E-mail:  wnoall@gtg.legal
MARK M. WEISENMILLER, ESQ.
Nevada Bar No. 12128
E-mail:  mweisenmiller@gtg.legal
650 White Drive, Ste. 100
Las Vegas, Nevada 89119
Telephone:  725-777-3000
Facsimile:  725-777-3112
*Attorneys for Petitioning Creditors:*
*Multibank 2009-1 RES-ADC Venture LLC,*
*Pacific Western Bank, and SV Litigation SPE, LLC*

**UNITED STATES BANKRUPTCY COURT**

**FOR THE DISTRICT OF NEVADA**

| In re:<br><br>JOHN A. RITTER<br><br>Alleged Debtor. | Case No.: BK-S-16-10933-ABL<br>Chapter 7<br><br><br>Date:  N/A<br>Time:  N/A |
|---|---|

**OBJECTION TO EX PARTE MOTION FOR ORDER SHORTENING TIME FOR HEARING ON DEBTOR'S MOTION FOR ORDER (A) DIRECTING PARTIES TO MEDIATION AND APPOINTING MEDIATOR; AND (B) STAYING THE INVOLUNTARY BANKRUPTCY CASE OR OTHERWISE EXTENDING TIME TO RESPOND TO INVOLUNTARY PETITION [ECF NO. 31]**

Multibank 2009-1 RES-ADC Venture, LLC ("Multibank"), Pacific Western Bank ("PWB"), and SV Litigation SPE, LLC ("SV Litigation," and collectively with Multibank and PWB, the "Petitioning Creditors") hereby file their objection (the "Objection") to the *Ex Parte Motion for Order Shortening Time for Hearing on Debtor's Motion for Order (A) Directing Parties to Mediation and Appointing Mediator; and (B) Staying the Involuntary Bankruptcy Case or Otherwise Extending Time to Respond to Involuntary Petition* [ECF No. 31] (the "Ex Parte Motion") filed by John A. Ritter (the "Alleged Debtor") on March 8, 2016.  The

Petitioning Creditors request that the Court deny the Ex Parte Motion for the Alleged Debtor's failure to meet his burden under Bankruptcy Rule[1] 9006 and Local Rule 9006.

This Objection is made and based upon the Memorandum of Points and Authorities set forth below, the papers, pleadings, and other documents on the Court's docket, judicial notice of which is respectfully requested under Federal Rule of Evidence 201, and any argument the Court entertains on the Ex Parte Motion.

## I.
## PERTINENT FACTS

1. On February 29, 2016, the Petitioning Creditors filed the *Involuntary Petition* [ECF No. 1] (the "Involuntary Petition") against the Alleged Debtor under Chapter 7 of the Bankruptcy Code (the "Involuntary Proceeding").

2. On March 7, 2016, the Alleged Debtor filed his *Motion for Order (A) Directing Parties to Mediation and Appointing Mediator; and (B) Staying the Involuntary Bankruptcy Case or Otherwise Extending Time to Respond to Involuntary Petition* [ECF No. 25] (the "Mediation Motion").

3. In the Mediation Motion, the Alleged Debtor requests that this Court enter an order: (i) directing the Alleged Debtor and the Petitioning Creditors to engage in a mediation process, initially lasting sixty (60) days and open to all alleged creditors of the Alleged Debtor; (ii) appointing Judge Zive, or such other sitting bankruptcy judge who may be available, as the mediator; and (iii) staying the Involuntary Proceeding for the duration of the mediation or otherwise extending the deadline for the Alleged Debtor to respond to the Involuntary Petition until some reasonable period following the conclusion of the mediation. See id.

4. On March 7, 2016, the Alleged Debtor also filed the *Motion of John A. Ritter Requesting that the Court Assign this Case to Another Judge Pursuant to Local Rule 1015(e)* [ECF No. 24] (the "Recusal Motion").

---

[1] All references to "Chapter" or "Section" herein shall be to the Bankruptcy Code appearing in Title 11 of the U.S. Code; all references to a "Bankruptcy Rule" shall refer to the Federal Rules of Bankruptcy Procedure; and all references to "Local Rule" are to the Local Rules of Bankruptcy Practice for the U.S. District Court for the District of Nevada.

5. On March 8, 2016, the Alleged Debtor filed the Ex Parte Motion with respect to the Mediation Motion.

6. Attached as Exhibit 1 to the Ex Parte Motion is the *Declaration of Samuel A. Schwartz, Esq.* [ECF No. 31-1] (the "Schwartz Declaration"). The Schwartz Declaration provides the following:

> 4. An order shortening time is appropriate here as the Debtor views these issues as watershed events and need to be heard before other pending motions in this case.
>
> 5. Based upon the foregoing, it is respectfully submitted, that good cause exists for granting an order shortening time.

See id., ¶¶ 4, 5.

## II.
## LEGAL ARGUMENT

**A.    Applicable Legal Standard.**

Bankruptcy Rule 9006(c)(1) generally permits a bankruptcy court, for cause shown and in its discretion, to reduce the period during which any notice is given in accordance with the Bankruptcy Rules. In particular, Bankruptcy Rule 9006(c)(1) provides:

> [e]xcept as provided in paragraph (2) of this subdivision, when an act is required or allowed to be done at or within a specified time by these rules or by a notice given thereunder or by order of court, the court *for cause shown may in its discretion* with or without motion or notice order the period reduced.

See FED. R. BANKR. P. 9006(c)(1) (emphasis added). Furthermore, Local Rule 9006(a) provides that "[u]nless the court permits otherwise, every motion for an order shortening time must be accompanied by *an affidavit explaining why an expedited hearing is required* …." See Local Rule 9006(a) (emphasis added).

**B.    Legal Analysis.**

The Court has the discretion to and in this case should deny the Ex Parte Motion for the Alleged Debtor's failure to meets his burden of showing cause why the Mediation Motion should be heard on shortened time and why an expedited hearing is required on the Mediation Motion. The Alleged Debtor's counsel provides that the Mediation Motion should be heard on shortened

time because the Alleged Debtor believes the issues raised in the Mediation Motion are "watershed events." Moreover, the Alleged Debtor's counsel suggests that entering an order shortening time is appropriate because the Alleged Debtor believes that the Mediation Motion needs to be heard before other pending motions in the Involuntary Proceeding. These conclusory and incorrect statements do not meet the Alleged Debtor's burden under Bankruptcy Rule 9006 or Local Rule 9006 and the Ex Parte Motion should be denied.

First, the conclusory statement regarding the subjective belief of the Alleged Debtor as to the importance of the issues raised in the Mediation Motion should have little, if any, bearing on whether this Court grants the Ex Parte Motion. Local Rule 9006(a) requires that the affidavit accompanying a request to shorten time show why an expedited hearing is "required." The conclusory statement regarding the Alleged Debtor's subjective belief does not meet the muster.[2]

Second, the assertion that the Mediation Motion needs to be heard on shortened time because it must be heard before other pending motions is not supported by the record. There are no other pending motions filed in the Involuntary Proceeding, except for the Recusal Motion, which the Alleged Debtor is also seeking to have heard on shortened time "before other pending motions." As such, no cause has been shown as to why an expedited hearing on the Mediation Motion is required.

Third, hearing the Mediation Motion on shortened time is prejudicial to the Petitioning Creditors and other parties-in-interest in the Involuntary Proceeding. The Alleged Debtor raised significant factual and legal issues in the Mediation Motion (notwithstanding relevance) and was afforded adequate time to prepare the Mediation Motion before its filing. Moreover, while the Alleged Debtor failed to attach any exhibits or declarations to support the Mediation Motion, the Alleged Debtor sets forth a detailed history of his and his related entities' financial history in support of the Mediation Motion. Thus, the Petitioning Creditors and other parties-in-interest should be permitted adequate time to become familiar with the factual assertions and legal

---

[2] The Ex Parte Motion is also procedurally deficient in other ways. Specifically, the *Attorney Information Sheet* [ECF No. 32] and the Schwartz Declaration failed to include: (i) the estimated time of the hearing; and (ii) the date beyond which relief would no longer be necessary. See Local Rule 9006(a)(5)-(6).

Garman Turner Gordon LLP
650 White Drive, Ste. 100
Las Vegas, NV 89119
(725) 777-3000

4

authorities referenced in the Mediation Motion before they must put their opposition to paper. Otherwise, unnecessary prejudice will result.

Fourth, opposing the Mediation Motion may require discovery. However, if the Court enters an order shortening time and calendars an expedited hearing, the Petitioning Creditors will effectively be stripped of their right to adequately oppose the Recusal Motion because they won't have time to complete discovery. See Bankruptcy Rule 9104(c). Thus, granting the Ex Parte Motion and scheduling an expedited hearing will give the Alleged Debtor an unfair advantage.

Therefore, the Court should deny the Ex Parte Motion for the Alleged Debtor's failure to meet his burden under Bankruptcy Rule 9006 and Local Rule 9006 and because entering an order shortening time under these circumstances is prejudicial to the Petitioning Creditors and other parties-in-interest and gives an unfair advantage to the Alleged Debtor.

## III.
## CONCLUSION

Based upon the foregoing, Petitioning Creditors respectfully request that the Court deny the Ex Parte Motion and require that the Mediation Motion be heard on regular time because the Alleged Debtor failed to meet his burden. The Petitioning Creditors request that the Court enter any other relief that is just and appropriate under the circumstances.

DATED this the 8th day of March, 2016.

GARMAN TURNER GORDON LLP

By: */s/ Mark M. Weisenmiller*
    GERALD M. GORDON, ESQ.
    WILLIAM M. NOALL, ESQ.
    MARK M. WEISENMILLER, ESQ.
    650 White Drive, Ste. 100
    Las Vegas, Nevada 89119
    *Attorneys for Petitioning Creditors*